## Colonial Trust and Savings Bank, Appellant, v. Louis Thexton, Appellee.

### Gen. No. 18,403.

1. TROVER—*what evidence in rebuttal of defendant's testimony erroneously excluded.* It is error in an action in trover for certain notes to reject a certified copy of the account of defendant with plaintiff bank and a copy of the accounts of defendant with the banks with which he had theretofore done business, when such evidence is in rebuttal of testimony by defendant that he had paid the notes and tends to indicate that payments when made on other notes were made by separate checks for a certain amount and that defendant did not have sufficient funds at the time in question to pay the notes.

Appeal from the Municipal Court of Chicago; the HON. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed June 3, 1913.

FOLLANSBEE, McCONNELL & FOLLANSBEE, for appellant; MITCHELL D. FOLLANSBEE and CLYDE E. SHOREY, of counsel.

HARVEY STRICKLER, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This suit was brought by the appellant, as plaintiff, against the appellee, as defendant, to recover the possession of four notes executed by the defendant on March 10, 1905. The possession of the notes not having been obtained by the officer serving the writ of replevin, the suit was tried as one in trover.

It appears that the plaintiff had had placed in its hands for collection 102 notes, all of the same amount and payable monthly. It is plaintiff's contention that in December, 1909, the defendant paid to it $880, to be applied on the payment of notes numbered 47, 48, 49 and 50; that the notes were retained until the following month in order to ascertain whether the owner would accept payment at the face of the notes, thus waiving the interest; that having obtained such authorization, the four notes referred to were in the following month sent to the defendant, and that by the mistake of a clerk notes 51, 52, 53 and 54 were also sent, having previously, also by mistake, been marked "paid."

Conferences were had between the parties, which resulted in the defendant's turning over to the plaintiff the four notes last mentioned, and later on the defendant was allowed by the plaintiff the possession of the notes in order, as claimed by the plaintiff, that they might be shown to defendant's attorney. At this time what is called a "trust receipt" was executed by the defendant, addressed to the plaintiff, reading as follows:

"Please deliver to the bearer the under mentioned property, which I hereby agree to hold in trust for you (I being your agent in handling said property) until I account to you by returning same, or its proceeds this day, to your satisfaction, or its equivalent, satisfactory to you to be rendered in its place, viz:

"Notes Nos. 51 to 54 inc. for $220 each, dated March 10, 1905, signed Louis Thexton.

LOUIS THEXTON."

There was a trial of the case before the court and a jury, and a verdict rendered for the defendant, upon which judgment was entered. On the trial the defendant claimed that the four notes had been paid by him. It appeared that other notes were not always, or perhaps ordinarily paid, as they fell due, but often months after they fell due. The defendant testified that he usually paid by check, and that previous to the fall of 1909 his checks were drawn on a bank other than that of plaintiff; that in November, 1909, he opened an account with the plaintiff, and that thereafter, in so far as checks were given, they were usually drawn upon plaintiff's bank; that he did not know whether he had paid the notes other than by check; that he might have so paid them but that he did not remember. He further testified, in answer to a question as to whether it was probable that he paid $1,760 worth of the notes in November and December of the year 1909, that it was quite possible, and that he thought his bank book would show that he had money enough to pay them; that in November, 1909, he had no bank account other than the one with the plaintiff.

At the trial the plaintiff offered to introduce in evidence a certified copy of the account of the defendant with the plaintiff, for the purpose, as it is alleged, of showing that never at any one time did the defendant have money enough in his account to pay eight of the notes. The plaintiff also offered in evidence copy of the accounts of the defendant with the banks with which he had theretofore done business. On objection of the defendant this proof was excluded.

The objection was not based, as we understand the record, on the ground that the evidence offered was in the shape of a transcript, but on two other grounds: first, that it was not rebuttal, and, second, that the

accounts as offered did not tend to prove the things for which they were offered. We think that the evidence was in rebuttal of the testimony given by the defendant, a part of which has heretofore been referred to, and that the objection should have been overruled. These transcripts of the account appear in the record, and tend to indicate that payments when made were made by separate checks of $220 each, being the amount of each note. One of them further tends to prove that the defendant did not, after he opened an account with the plaintiff, have sufficient funds to his credit in the months of November and December, 1909, with which to pay eight of the notes.

For this error in the rejection of evidence the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*